IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>　　Washington Field Office<br>　　131 M Street, N.E., Ste. 4NW02F<br>　　Washington, D.C. 20507<br><br>　　　　Plaintiff,<br><br>v.<br><br>WAL-MART STORES EAST, LP,<br>　　99 H Street, N.W.<br>　　Washington, D.C. 20001<br><br>　　　　Defendant. | Civil Action No.<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Troy Miles and Tonya Bland, both of whom were adversely affected by such practices. As alleged with greater particularity in the Statement of Claims below, Defendant violated the ADA by subjecting Miles and Bland, who are deaf, to disability discrimination when it failed to provide them with effective reasonable accommodations throughout their employment at Store Number 5941 in Washington, DC. As a result of Defendant's failure to provide reasonable accommodations, Miles and Bland were denied equal benefits and privileges of employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Columbia.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Wal-Mart Stores East, LP ("Defendant"), has continuously been doing business in Washington, DC, and has continuously had at least 15 employees.

5. At all relevant times, Wal-Mart Stores East, LP, has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701 (b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

6. At all relevant times, Wal-Mart Stores East, LP, has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

**A.    Troy Miles**

7.    More than thirty days prior to the institution of this lawsuit, Troy Miles ("Miles") filed a charge of discrimination with the Commission alleging, among other things, violations of the ADA by Defendant.

8.    On September 12, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant had violated the ADA by failing to provide reasonable accommodations to Miles, and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.    After issuing to Defendant the Letter of Determination, the EEOC engaged in communications with Defendant to provide it the opportunity to remedy the unlawful employment practices described in the Letter.

10.   On December 15, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.   All conditions precedent to the institution of this lawsuit have been fulfilled.

**B.    Tonya Bland**

12.   More than thirty days prior to the institution of this lawsuit, Tanya Bland ("Bland") filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant.

13.   On September 12, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant had violated the ADA by failing to provide reasonable accommodations to Bland, and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful

employment practices and provide appropriate relief.

14. After issuing to Defendant the Letter of Determination, the EEOC engaged in communications with Defendant to provide it the opportunity to remedy the unlawful employment practices described in the Letter.

15. On December 21, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

16. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

### A. Troy Miles

17. Troy Miles has moderate to severe hearing loss in his right ear and profound hearing loss in his left ear.

18. Miles is substantially limited in major life activities, including but not limited to, hearing and communication that is dependent on hearing.

19. Miles can understand speech only in limited circumstances, such as a quiet setting with a speaker who is close to him, is speaking slowly and clearly, and is still.

20. Miles' primary language is American Sign Language ("ASL").

21. At all times relevant to this action, Miles was a qualified individual with a disability within the meaning of the ADA.

22. From approximately June 2014, until approximately August 2017, Miles held the positions of Sales Associate, Merchandise Manager, and Department Manager at Defendant's Store No. 5941 located in Washington, DC.

23. At all times relevant to this action, Defendant was aware that Miles is deaf.

24. Since at least June 2014, Defendant engaged in unlawful employment practices in violation of Section 102(a) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b)(5)(A), by failing to provide Miles with effective reasonable accommodations, so that he could obtain information from, and participate in, meetings, including but not limited to Daily Meetings for Department Managers, all-employee meetings that included presentations by the Store Manager, Department Managers, and Human Resources staff, and one-on-one meetings to discuss personnel matters, and for other important workplace communications. Accommodations requested by Miles that were denied to him included access to ASL interpreting and consistent and comprehensive note-taking for certain meetings.

25. The effect of the practices complained of in paragraph 24 has been to deprive Miles of equal employment opportunities and otherwise adversely affect his rights under the ADA resulting in emotional pain, suffering, inconvenience, mental anguish, frustration, humiliation, and loss of enjoyment of life, the opportunity to enjoy the benefits and privileges of employment, including but not limited to, receiving employer information and participating in meetings.

26. The unlawful employment practices complained of herein were intentional.

27. The unlawful employment practices complained of herein were done with malice or with reckless indifference to the federally protected rights of Miles.

**B.  Tonya Bland**

28. Tonya Bland is profoundly deaf.

29. Bland is substantially limited in major life activities, including but not limited to, hearing and speech.

30. Bland's primary language is American Sign Language.

31.     At all times relevant to this action, Bland was a qualified individual with a disability within the meaning of the ADA.

32.     From approximately September 2013 through March 2016, and then in August 2016, Bland worked at Defendant's Store 5941 as an Overnight Stocker.

33.     At all times relevant to this action, Defendant was aware that Bland is deaf.

34.     Since at least September 2013, Defendant engaged in unlawful employment practices in violation of Section 102(a) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b)(5)(A), by failing to provide Bland with effective reasonable accommodations so that she could obtain information from, and participate in, meetings and trainings, including but not limited to, new employee orientation and training, daily group meetings held to discuss shift duties and communicate other workplace information, large group meetings, and one-on-one meetings related to personnel matters and Bland's workplace injury. Bland repeatedly made it known to management that, without accommodations, she could not understand the information being presented. Accommodations requested by Bland that were denied to her included access to ASL interpreting and closed-captioning for video presentations.

35.     The effect of the practices complained of in paragraph 34 has been to deprive Bland of equal employment opportunities and otherwise adversely affect her rights under the ADA resulting in emotional pain, suffering, inconvenience, mental anguish, frustration, humiliation, and loss of enjoyment of life.

36.     The unlawful employment practices complained of herein were intentional.

37.     The unlawful employment practices complained of herein were done with malice or with reckless indifference to the federally protected rights of Bland.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from refusing to reasonably accommodate any individual with a disability and from engaging in any employment practice which discriminates on the basis of a disability.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals with disabilities and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to implement non-discriminatory objectives, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and informs all employees that Defendant will not discriminate against any employee because of a disability, including that it will comply with all aspects of the ADA.

D.      Order Defendant to make whole Miles and Bland by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of herein, including emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

E.      Order Defendant to pay Miles and Bland punitive damages for its malicious and reckless conduct described herein, in amounts to be determined at trial.

F.      Grant such further relief as the Court deems necessary and proper.

G.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

        Respectfully submitted,

        JAMES L. LEE
        Acting General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        DEBRA M. LAWRENCE
        Regional Attorney

        s/ Maria Luisa Morocco
        MARIA LUISA MOROCCO
        Supervisory Trial Attorney

        s/ Ashley M. Martin
        ASHLEY M. MARTIN
        Trial Attorney (Detailed)
        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        Washington Field Office
        131 M St., NE
        Suite 4NW02F
        Washington, DC 20507
        Phone: (202) 419-0749
        Fax:   (202) 653-6053
        Ashley.Martin@eeoc.gov

        s/ Tanisha R. Wilburn
        TANISHA R. WILBURN
        Trial Attorney
        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        Washington Field Office
        131 M St., NE
        Suite 4NW02F

Washington, DC 20507  
Phone: (202) 419-0712  
Fax:    (202) 653-6053  
Tanisha.Wilburn@eeoc.gov

ATTORNEYS FOR PLAINTIFF