UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, EAST, LP,<br><br>Defendant. | Civil Action No. 18-1314 (RMC) |

MEMORANDUM OPINION

The Equal Employment Opportunity Commission (EEOC) sues on behalf of former Wal-Mart employees Troy Miles and Sonya Bland, alleging violations of the Americans with Disabilities Act (ADA), and seeking remedies under the Civil Rights Act of 1991.[1] Wal-Mart Stores, East, LP, moves to dismiss for failure to state a claim. While for these purposes the Court accepts the allegations comprising the EEOC Complaint as true, it finds that the Complaint lacks sufficient factual allegations to raise a plausible claim for relief. The Complaint will be dismissed without prejudice.

I. FACTS

Mr. Miles is an individual with moderate to severe hearing loss in his right ear and profound hearing loss in his left ear. Compl. ¶ 17. He is limited in hearing and communication that is dependent on hearing, in that he can understand speech only in limited circumstances, such as a quiet setting with a speaker positioned close to him. *Id*. ¶¶ 18-19. Mr. Miles' primary language is American Sign Language (ASL). *Id*. ¶ 20. Mr. Miles was employed from June 2014 until August

---

[1] The EEOC is authorized to bring suit under Section 107(a) of the ADA and Section 102(d)(1)(A) of the Civil Rights Act of 1991.

2017 as a Sales Associate, Merchandise Manager, and Department Manager at Wal-Mart Store No. 5941 in Washington, D.C. *Id.* ¶ 22. Wal-Mart was aware of Mr. Miles' disability "at all times relevant to this action." *Id.* ¶ 23.

Ms. Bland is a profoundly deaf individual, whose primary language is ASL. *Id.* ¶ 28, 30. From September 2013 through March 2016, and again in August 2016, Ms. Bland was employed as an Overnight Stocker at Wal-Mart Store No. 5941 in Washington, D.C. *Id.* ¶¶ 32, 34. Wal-Mart was aware of Ms. Bland's disability "at all times relevant to this action." *Id.* ¶ 33.

Both Mr. Miles and Ms. Bland made repeated requests to management for accommodations including ASL interpreting, consistent comprehensive note-taking for certain meetings (Mr. Miles), and closed-captioning for video presentations (Ms. Bland). Mr. Miles and Ms. Bland filed charges of discrimination with EEOC alleging, among other issues, violations of the ADA by Wal-Mart. *Id.* ¶ 7. After completing the administrative process without resolution, EEOC filed this lawsuit. *Id.* ¶ 10. It alleges that Wal-Mart violated the ADA, 42 U.S.C. § 12112(a) and (b)(5)(A) in failing to provide Mr. Miles and Ms. Bland "with effective reasonable accommodations," and seeks additional remedies pursuant to the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Compl. [Dkt. 1] at 1.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires a complaint to be sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The facts alleged "must be enough to raise a right to relief above the speculative level." *Id.* A complaint must contain sufficient factual matter to state a

claim for relief that is "plausible on its face." *Id.* at 570. When a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, then the claim has facial plausibility. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. A court must treat the complaint's factual allegations as true, "even if doubtful in fact." *Twombly*, 550 U.S. at 555. But a court need not accept as true legal conclusions set forth in a complaint. *Iqbal*, 556 U.S. at 678.

In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007).

### III. ANALYSIS

Wal-Mart's primary contention is that the Complaint fails to state a claim upon which relief can be granted. *See* Def. Wal-Mart Stores East, LP's Mot. to Dismiss [Dkt. 5]. This Court agrees.

The ADA prohibits discrimination against qualified individuals on the basis of disability. 42 U.S.C. § 12112(a). It defines a qualified individual as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Id*. § 12111(8). Discrimination, as relevant here, is defined as "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." *Id*. § 12112 (b)(5)(A). To state a claim for failure to accommodate, a plaintiff must allege facts sufficient to show that: (1) he had a disability

3

within the meaning of the ADA; (2) his employer had notice of his disability; (3) he could perform the essential functions of the position with or without reasonable accommodation; and (4) his employer refused to make such accommodation. *See Gordon v. District of Columbia,* 480 F. Supp. 2d 112, 115 (D.D.C. 2007).

There is no debate that EEOC has pled sufficiently the first and second elements of its failure to accommodate claim. The Complaint states that Mr. Miles has "moderate to severe hearing loss in his right ear and profound hearing loss in his left ear," Compl. ¶ 17, and that Mr. Miles is "substantially limited in major life activities, including but not limited to, hearing and communication that is dependent on hearing." *Id.* ¶ 18. It also states that Ms. Bland is profoundly deaf, *id.* ¶ 28, and that, at all times relevant to this action, Wal-Mart was aware that Mr. Miles and Ms. Bland are deaf. *Id.* ¶¶ 23, 33. These facts are sufficient to allege that each of them had a disability within the meaning of the ADA, and that their employer, Wal-Mart, had notice of both individuals' disability. A complaint does not need to allege specific dates and times of employee requests for accommodation to state a plausible claim for relief.

It is the third element of the reasonable accommodation claim that EEOC fumbles. The Complaint makes no attempt to mention, much less elucidate, the essential functions of either Mr. Miles' or Ms. Bland's position. In this respect, it does not rise even to level of a "threadbare recital of the elements of a cause of action," *Iqbal*, 556 U.S. at 768, as it does not contain facts sufficient to allege a required element: that both individuals were capable of performing the essential functions of their positions with (or without) reasonable accommodation. A well-pled complaint requires more; namely, the facts alleged must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. Here, to the contrary, EEOC presents an amalgam of bare assertions that do not provide factual support for a claim that is plausible on its face. *See id.*

4

at 570. It is not the province of the Court to speculate and strain to have a complaint meet pleading standards, especially where Plaintiff is a sophisticated federal agency.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Wal-Mart's Motion to Dismiss, Dkt. 5, and dismiss the Complaint without prejudice. A memorializing Order accompanies this Memorandum Opinion.

Date: October 25, 2018

_____
ROSEMARY M. COLLYER
United States District Judge